UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
JOSE ENRIQUEZ, individually and on behalf of
other persons similarly situated who were employed
by CHERRY HILL MARKET CORP. and/or
CHERRY HILL GOURMET, INC. and/or DAVID
ISAEV or any other entities affiliated with or
controlled by CHERRY HILL MARKET CORP.
and/or CHERRY HILL GOURMET, INC. and
DAVID ISAEV,

                 Plaintiffs,

  -against-                            **MEMORANDUM AND ORDER**
                                             Case No. 10-CV-5616 (FB) (ALC)

CHERRY HILL MARKET CORP. and CHERRY
HILL GOURMET, INC. and DAVID ISAEV and/or
any other entities affiliated with or controlled by
CHERRY HILL MARKET CORP. and/or CHERRY
HILL GOURMET, INC. and/or DAVID ISAEV,

                 Defendants.
------------------------------------------------------------x

*Appearances*
| *For the Plaintiffs:* | *For the Defendants:* |
|---|---|
| LLOYD ROBERT AMBINDER, ESQ. | JOSEPH M. LABUDA, ESQ. |
| LEONOR H COYLE, ESQ. | MICHAEL JAMES MAURO, ESQ. |
| Virginia and Ambinder LLP | Milman Labuda Law Group, PLLC |
| 111 Broadway, Suite 1403 | 3000 Marcus Avenue, Suite 3W3 |
| New York, NY 10006 | Lake Success, NY 11042 |

**BLOCK, Senior District Judge:**

       The plaintiffs in this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, seek conditional certification as a collective action under 29 U.S.C. § 216(b), so that notice may be provided to potential opt-in plaintiffs. The defendants oppose conditional certification and, in addition, object to certain provisions of the notice and consent form proposed by the plaintiffs. For the following reasons, the motion is granted.

**I**

Cherry Hill Market Corp. operates a gourmet grocery store in Bath Beach, Brooklyn. Cherry Hill Gourmet, Inc., does the same in Sheepshead Bay. Both are owned and managed by David Isaev, and will be referred to collectively as "Cherry Hill."

The named plaintiff, José Enriquez, worked at both Cherry Hill stores between November 2008 and November 2010. Opt-in plaintiff Emilio Yax Lopez worked at the Bath Beach location during the same period. Both attest that they worked twelve-hour shifts, six days a week—72 hours per week—primarily as grocery stockers. Enriquez attests that he was paid from $280 to $400 per week, while Lopez attests that he was paid from $350 to $450 per week. The minimum pay allowed by the FLSA for the relevant time period ranged from $576 to $638.[1]

Both Enriquez and Lopez attest that "no less than 70 individuals" worked similar shifts for similar pay. Enriquez Aff. ¶ 7; Lopez Aff. ¶ 8. They further attest that these co-workers "perform[ed] similar tasks, such as packaging and stocking shelves, receiving deliveries, cleaning the store, washing produce, arranging flowers, preparing foods, and in other grocery-related jobs." *Id.* Enriquez and Lopez and their co-workers would regularly discuss that they were not being paid overtime. *See* Enriquez Aff. ¶ 10; Lopez Aff. ¶ 12.

---

[1]Through July 23, 2009, the federal minimum wage was $6.55: (6.55 x 40) + (6.55 x 1.5 x 32) = 546.40. Since then, it has been $7.25: (7.25 x 40) + (7.25 x 1.5 x 32) = 638. *See* 29 U.S.C. § 206(a)(1)(B-C).

# II

**A. Conditional Certification**

The FLSA allows a plaintiff to sue on behalf of "other employees similarly situated," provided that the other employees give their consent in writing. 29 U.S.C. § 216(b). Plaintiffs have moved for conditional certification of a collective action under the FLSA, which provides a right of action for "any one or more employees for and in behalf of himself or themselves and other employees similarly situated." In this context, "similarly situated" means that the named plaintiff and the potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (collecting cases). Unlike Federal Rule of Civil Procedure 23, the FLSA "requires no showing of numerosity, typicality, commonality, or representativeness." *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007).

Certification as a collective action unfolds in two steps. At the first step, the district court need only make a conditional determination whether "similarly situated potential plaintiffs exist." *Schwed v. General Elec. Co.*, 159 F.R.D. 373, 375-76 (N.D.N.Y. 1995). If so, the potential plaintiffs must be given notice of the action and an opportunity to opt in. Because the determination is only preliminary and must necessarily be made early in the proceedings, the first step imposes on the named plaintiff the minimal burden of making "a modest factual showing" based on the pleadings and affidavits. *Sbarro*, 982 F. Supp. at 261.

Once the opt-in period is over and discovery is completed, the court—usually at the defendant's instance—applies "a more heightened scrutiny" to the question. *Jacobs v. New York Foundling Hosp.*, 483 F. Supp. 2d 251, 265 (E.D.N.Y. 2007). If the facts developed during discovery refute the step-one determination, the court will decertify the collective action and only the named

3

plaintiff's claims will proceed. *See id.*

The defendants complain that only Enriquez and Lopez have submitted affidavits, and that their affidavits are hearsay with respect to the assertions of their co-workers. In the first place, "there is no requirement in this circuit that a certain number of Covered Employees opt-in before a court can conditionally certify a class." *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 59 (S.D.N.Y. 2009). In the second, courts routinely allow plaintiffs to rely on their own declarations for purposes of conditional certification. *See, e.g., Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007) ("Plaintiffs have easily made the modest showing that is required of them at this preliminary stage: they were subjected to certain wage and hour practices at the defendants' workplace and to the best of their knowledge, and on the basis of their observations, their experience was shared by members of the proposed class."); *Guzman v. VLM, Inc.*, 2007 WL 2994278, at *4 (E.D.N.Y. Oct. 11, 2007) ("It is hardly realistic, or consistent with the lenient standards of the notice phase of FLSA litigation, to expect plaintiffs to have any more specific knowledge of how much their coworkers are paid than [allegations of conversations with named individuals in which those individuals claimed not to have been paid overtime].").

Notwithstanding the defendants' objections, the averments of conversations with co-workers who complained about not receiving overtime satisfy the Court that there are other Cherry Hill employees with potential FLSA claims against the defendants. That is all that is required to warrant conditional certification.

**B. Proposed Notice and Consent Form**

The details of a § 216(b) notice are "left to the broad discretion of the trial court." *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 106 (S.D.N.Y. 2003) (citing *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). The Court understands its discretion to be guided by the goals of the notice: to make as many potential plaintiffs as possible aware of this action and their right to opt in without devolving into a fishing expedition or imposing undue burdens on the defendants. The Court addresses the defendants' objections to the plaintiffs' proposed notice and consent form with those goals in mind.

*1. Class Period*

The proposed notice and consent form would be sent to individuals who worked at Cherry Hill "from 2004 through the present." Not. of Motion, Ex. 3. The defendants point out that FLSA claims are subject to a two-year statute of limitations, with a one-year extension for willful violations. *See* 29 U.S.C. § 255(a). The plaintiffs respond that the statute of limitations on their supplemental state-law claims is six years, and that courts allow notices to be sent to those with timely state-law claims.

Be that as it may, there is currently no motion to certify a class on the state-law claims. Thus, notice to those who may have timely state-law claims, but whose FLSA claims are time-barred, would serve no proper purpose. Therefore, the Court will restrict the notice to those with timely FLSA claims.

Since the plaintiffs may be able to show, with the benefit of discovery, willful violations, they will be allowed to use the three-year statute of limitations to define the conditional class period. The Court may restrict the class to a two-year period should discovery fail to produce any evidence of willfulness.

The plaintiffs submit that the end of the relevant three-year period should be 2010, when the complaint was filed. It is clear, however, that the statute of limitations on an FLSA claim stops only when a potential plaintiff opts in. *See Sbarro*, 982 F. Supp. at 260. It is obviously impossible to know precisely when individual plaintiffs will opt in, but the date of this memorandum and order supplies a reasonable proxy.

In sum, the notice will be sent to individuals who worked at Cherry Hill from February 10, 2009, to the present.

**2.** *Consequences of Opting In*

The defendants argue that the notice should inform potential plaintiffs that they may be required to participate in discovery, testify at trial, and pay costs if they do not prevail. The Court agrees with the plaintiffs that such language may unduly discourage potential plaintiffs from opting in.

The defendants further propose language setting forth potential plaintiffs' right not to opt in and to bring individual claims in separate lawsuits. The Court agrees that such information is important to the decision whether to opt in, and that it is not adequately conveyed in the plaintiffs' proposed notice. The plaintiffs are ordered to replace the relevant portion of the "Filing the Consent to Joinder Form" with the following:

### FILING THE CONSENT TO JOINDER FORM

> If you wish to participate in the portion of this lawsuit that seeks payment of unpaid minimum wages and overtime wages under the Fair Labor Standards Act, you must sign on return the enclosed Consent to Joinder form as directed below. Your Consent to Join Lawsuit form will be filed with the Clerk of the Court on your behalf.
>
> If you do not wish to participate in this lawsuit, you need not do anything.

> If you do not sign and return the enclosed Consent to Joinder form as directed below, you will not be eligible to participate in the FLSA portion of this lawsuit, and will not be eligible to receive any benefits in the event that a settlement of judgment is obtained. You will be free, however, to separately file and pursue your own claims against any of the defendants.
>
> Consent to Joinder forms filed after [date] 2012 will be rejected unless good cause is shown for the delay.

[Continue with the plaintiffs' proposed notice.]

### 3. *The Defendants' Position on Certification*

The defendants propose language informing potential plaintiffs that they intend to move to decertify the collective action and explaining the consequences if they succeed. The Court agrees that such a provision would provide useful information, but disagrees that the defendants' precise language, which is somewhat prolix and legalistic, is necessary. A statement that the defendants dispute that Enriquez should be allowed to represent other employees and intend to contest the addition of any claims of other employees—or words to that effect—will suffice. The plaintiffs are ordered to add such language to the paragraph setting forth the defendants' denial of liability.

### 4. *Implied Promise of Recovery*

The plaintiffs' proposed consent form states, "If you wish to seek recovery of unpaid minimum wages and overtime under the Federal Fair Labor Standards Act, you must mail the enclosed consent to joinder form . . . . " Not. of Motion, Ex. 3. The defendants argue that this amounts to an implied promise of recovery. The Court disagrees, but notes that the language is inaccurate because potential plaintiffs may also pursue recovery individually. The plaintiffs are ordered to amend the prefatory language to state, "If you wish to participate in the FLSA portion of this lawsuit, . . . ."

### 5. *Immigration Status/Form of Payment*

7

The proposed notice informs potential plaintiffs, "You have a right to participate in this action even if you are an undocumented alien or if you were paid in cash." Not. of Motion, Ex. 3. The plaintiffs states that this information is necessary to reassure potential plaintiffs, many of whom will be "foreign-born workers who have little command of English [and] are probably unfamiliar with the American legal system." Reply Mem. of Law at 7. The defendants respond that it implies that there employment practices violated immigration and/or labor lawws.

The Court agrees that the language appropriately corrects a possible assumption that the FLSA does not cover illegal immigrants or workers paid in cash. Its size and placement, however, are unnecessarily inflammatory. Plaintiffs are ordered to remove the language and, instead, add to the end of paragraph beginning "You may be owed payment . . . " that potential plaintiffs may be owed payment even if they were paid in cash and regardless of their immigration status, or words to that effect.

### 6. *State-Law Claims*

The defendants ask that references to state-law claims be stricken from the notice. However, the notice accurately informs potential plaintiffs that such claims are part of the lawsuit, but that a class has not yet been certified on them. This language does not prejudice the defendants in any way.

### 7. *Contact Information for the Defendants' Counsel*

The defendants ask that their counsel's name, address and telephone number be included in the notice. The Court is not aware of any reason potential plaintiffs would need to communicate with the defendants' counsel, or vice versa.

### 8. *Manner of Notice*

In addition to mailing, the plaintiffs propose that the notice be posted at both Cherry

Hill locations. They also reserve the right to request notice by publication "[s]hould a significant number of notices be returned as undeliverable with no forwarding address." Not. of Motion, Ex. 4. The defendants object to both posted and published notice.

Posting the notice is a reasonable means of assuaging the vagaries of notice by mail, and would not unduly burden the defendants. The defendants' objection to publication notice is premature, as plaintiffs have not yet requested such notice.

*9. Opt-In Period*

The plaintiffs' proposed notice gives potential plaintiffs 60 days to opt in. The defendants respond that 30 days is adequate. The Court agrees with the plaintiffs that 60 days is reasonable given the possible difficulties in reaching potential plaintiffs.

### III

The plaintiffs' motion for conditional certification is granted. The plaintiffs are directed to file and serve an amended proposed notice and consent form that complies with this memorandum and order by February 21, 2012. The parties are directed to appear for a status conference on February 23, 2012, at 3 p.m., to discuss the amended notice and consent form. Following the conference, the Court will issue an order directing the timing and manner of notice.

**SO ORDERED.**

_____
FREDERIC BLOCK
Brooklyn, New York                     Senior United States District Judge
February 10, 2012

9