UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
JOSE ENRIQUEZ, individually and on
behalf of other persons similarly situated
who were employed by CHERRY HILL
MARKET CORP. and/or CHERRY
HILL GOURMET, INC. and/or DAVID      **MEMORANDUM AND ORDER**
ISAEV or any other entities affiliated       Case No. 10-CV-5616 (FB) (MDG)
with or controlled by CHERRY HILL
MARKET CORP. and/or CHERRY
HILL GOURMET, INC. and DAVID
ISAEV,

                Plaintiffs,

   -against-

CHERRY HILL MARKET CORP. and
CHERRY HILL GOURMET, INC. and
DAVID ISAEV and/or any other entities
affiliated with or controlled by
CHERRY HILL MARKET CORP.
and/or CHERRY HILL GOURMET,
INC. and/or DAVID ISAEV,

                Defendants.
-------------------------------------------------x

*Appearances:*
| | |
|---|---|
| *For the Plaintiffs:* | *For the Defendants:* |
| LADONNA LUSHER, ESQ. | MICHAEL J. MAURO, ESQ. |
| Virginia and Ambinder, LLP | Milman Labuda Law Group, PLLC |
| 111 Broadway, Suite 1403 | 3000 Marcus Avenue, Suite 3W8 |
| New York, NY 10006 | Lake Success, NY 11042 |

**BLOCK, Senior District Judge:**

        José Enriquez moves for reconsideration of the Court's prior

memorandum and order denying his motion to certify his state-law wage and hour claims as a class action. *See Enriquez v. Cherry Hill Market Corp.*, ___ F. Supp. 2d ___, 2013 WL 5437038 (E.D.N.Y. Sept. 30, 2013). He argues that the Court misapprehended the effect of *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), on the availability of the class-action mechanism in wage-and-hour cases.

As explained in the prior memorandum and order, a class action "must depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Enriquez*, ___ F. Supp. 2d ___, 2013 WL 5437038, at *3 (quoting *Dukes*, 131 S. Ct. at 2551). The Supreme Court described such a contention as the "glue" holding class members' claims together; without it, "it will be impossible to say that examination of all the class members' claims for relief will produce a common answer to the crucial question *why was I disfavored*." *Dukes*, 131 S. Ct. at 2552.

*Dukes* is widely understood as reinvigorating the notion that class actions are the exception, rather than the rule. *See also American Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2310 (2013) ("[Federal Rule of Civil Procedure 23] imposes stringent requirements for certification that in practice exclude most claims."). That said, district courts in this circuit are divided as to whether claims alleging widespread underpayment of wages fits within the exception. *Compare, e.g., Morris v. Affinity*

*Health Plan, Inc.*, 859 F. Supp. 2d 611, 616 (S.D.N.Y. 2012), *with Briceno v. USI Serv. Group, Inc.*, 2012 WL 4511626, at *6 n.5 (E.D.N.Y. 2012).

In part, the divide is simply a reflection of the reality that not all wage-and-hour cases are the same. In some, the claim is that an employer has classified a category of employees as exempt; as explained in the prior memorandum and order, the Court agrees that the legality of such a classification policy is susceptible of classwide resolution. *See Enriquez*, ___ F. Supp. 2d ___, 2013 WL 5437038, at *4 (citing *Cuevas v. Citizens Fin. Group, Inc.*, 2013 WL 2321426 (2d Cir. May 29, 2013)). Indeed, several courts have described an alleged classification policy as the "glue" required by *Dukes*. *See Scott v. Chipotle Mexican Grill, Inc.*, ___ F. Supp. 2d ___, 2014 WL 2600034, at *3 (S.D.N.Y. June 6, 2014); *Pippins v. KPMG LLP*, 2012 WL 19379, at *7 (S.D.N.Y. Jan. 3, 2012).

In other cases—including this one—the claim is that an employer has systematically failed to pay employees the legally mandated wage for all hours worked. At least one district court has certified such a case as a class action, finding that the employer's "overtime policy 'is the "glue" that the Supreme Court found lacking in *Dukes*.'" *Jackson v. Bloomberg, L.P.*, ___ F.R.D. ___, 2014 WL 1088001, at *9 (S.D.N.Y. Mar. 19, 2014) (quoting *Pippins*, 2012 WL 19379, at *7). In the Court's view, however, that holding runs afoul of *Dukes*'s clear pronouncement that "[c]ommonality requires the plaintiff to demonstrate that the class members have

3

suffered the same injury," and that "[t]his does not mean merely that they have all suffered a violation of the same provision of law." 131 S. Ct. at 2551 (internal quotation marks and citation omitted). In other words, alleging that systematic underpayment of wages amounts to a "policy" of noncompliance with the wage-and-hour laws does not establish commonality if demonstrating such noncompliance requires, as it would in this case, an inquiry into the total pay and total hours worked for each employee.

Other district courts have reasoned that differences in total pay and hours worked "go to the damages that each employee is owed, not to the common question of Defendants' liability," *Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 130 (S.D.N.Y. 2011), and have therefore certified "liability-only" classes under Federal Rule of Civil Procedure 23(c)(4). *See, e.g., Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 593 (S.D.N.Y. 2013). In *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013), the Supreme Court cautioned against certifying classes in which "[q]uestions of individual damage calculations will inevitably overwhelm questions common to the class." *Id.* at 1433. How *Comcast* impacts liability-only classes under Rule 23(c)(4) remains a subject of debate. *See, e.g., Jacob*, 293 F.R.D. at 593 (noting the debate, but "declin[ing] to read *Comcast* as disallowing certification as to certain issues, such as liability"). But even assuming that a liability-only class is appropriate in some cases, it is not appropriate in this one because the individualized inquiry necessary to

4

establish the amount of each employee's damages is the same individualized inquiry necessary to establish the employer's liability to that employee.

In sum, the Court is satisfied that it correctly applied *Dukes* to the facts of this case. Accordingly, the motion for reconsideration is denied.

**SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 25, 2014