UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------x

JOSE ENRIQUE SAPON, JAVIER
ROMAN, PASCUAL AJPACAJA,
SANTIAGO GODINEZ and ROSLIN
CHAVAJAY,

              Plaintiffs,

- against -

CHERRY HILL MARKET CORP. and
CHERRY HILL GOURMET, INC. and
DAVID ISAEV and/or any other entities
affiliated with or controlled by
CHERRY HILL MARKET CORP.
and/or CHERRYHILL GOURMET,
INC. and/or DAVID ISAEV,

              Defendants.

----------------------------------------------x

**<u>MEMORANDUM AND ORDER</u>**
Case No. 10-CV-5616 (FB) (MDG)

*Appearances:*
*For the Plaintiffs:*
LADONNA LUSHER, ESQ.
LEONOR COYLE, ESQ.
Virginia and Ambinder, LLP
40 Broad Street, 7th Floor
New York, New York 10004

*For the Defendants:*
MICHAEL J. MAURO, ESQ.
JOSEPH M. LABUDA, ESQ.
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, NewYork 11042

**BLOCK, Senior District Judge:**

      After the Court denied plaintiff's motion for class certification, *see Enriquez*

*v. Cherry Hill Market Corp.*, 993 F. Supp. 2d 229 (E.D.N.Y. 2013), Magistrate

Judge Go directed his counsel to identify any members of the putative class who

wished to pursue claims on their own behalf; plaintiff's counsel submitted a list of four names: Javier Roman, Pascual Ajpacaja, Santiago Godinez and Roslin Chavajay.[1]  Magistrate Judge Go then granted leave to file an amended complaint. In that complaint, the four new plaintiffs allege claims for underpayment of wages under both the federal Fair Labor Standards Act ("FLSA") and the New York Labor Law.[2]

Defendants have objected to Magistrate Go's rulings, triggering the Court's review under Federal Rule of Civil Procedure 72(a).  Under that rule, the Court must "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law."  *Id.*

Defendants first object that there was no motion to amend the complaint. But the record reflects extended discussion of plaintiff's counsel's request for "additional time to find out if the anonymous plaintiffs wished to proceed in this case."  Tr. of July 7, 2014, at 2.  The request was obviously in contemplation of an

---

[1]A fifth name, José Enrique Sapon, was later revealed to be the correct name of the José Enriquez, the original named plaintiff.

[2]Defendants claim that Magistrate Go did not grant leave to include FLSA claims, but the record reflects that Magistrate Go barred only one new plaintiff, for reasons explained below, from pursuing an FLSA claim.  *See* Tr. of July 29, 2014, at 9 ("[The complaint] will be amended to state the individual claims of the five individuals and make clear that the claims of Ms. [Chavajay] will be limited to her claims under state law.").

amended complaint adding the claims of those class members who wished to proceed as named plaintiffs. And as Magistrate Go recognized, any challenges to the amended complaint could be raised in a motion to dismiss. *See* Tr. of July 29, 2014, at 13-14.[3] In the circumstances, a motion for leave to amend would have been a mere formality.

Defendants next object that plaintiff's counsel unduly delayed in seeking to add additional plaintiffs. The need for plaintiff's counsel's request stemmed from the Court's denial of the motion for class certification. The order denying the motion was entered on September 30, 2013, and the order denying reconsideration was denied on June 25, 2014. Plaintiff's counsel's request for time to identify additional plaintiffs was made at the very next conference with Magistrate Go, on July 7, 2014. The new plaintiffs were identified on July 24th, and the amended complaint was filed on August 5th. There was absolutely no undue delay.

Defendants next object that leave to file an amended complaint "contravenes equity." Defs.' Mem. of Law at 8. Though the legal basis for this objection is unclear, its crux is that adding new plaintiffs "unfairly breathes new life into a case that should be moving into the final stage." *Id.* The best answer to this objection

---

[3]Defendants instead elected to serve an answer to the amended complaint. *See* Pls.' Mem. of Law, Ex. B. The answer, which has apparently not been filed, raises nineteen challenges to the amended complaint as affirmative defenses.

is that the new plaintiffs would have been free to simply file new cases asserting their claims. *See* Tr. of July 29, 2014, at 9 ("There's nothing to stop these plaintiffs . . . filing their separate action."). Magistrate Judge Go's ruling provides a far more efficient method of processing those claims.

As something of a response to the foregoing point, defendants argue that leave to amend the complaint "severely prejudiced" them because the new plaintiffs will be able to assert claims that would have been time-barred had they filed separate lawsuits. *See* Defs.' Mem. of Law at 12. With respect to the FLSA claims, they are incorrect; the statute of limitations runs from the date the opt-in consents were filed, not the complaint. *See* 9 U.S.C. § 256(b). With respect to the Labor Law claims, it has long been the rule for class actions that "the commencement of the original class suit tolls the running of the statute [of limitations] for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974). Since the new plaintiffs were undisputedly members of the putative class, the statute of limitations would have been tolled from the filing of the complaint in any event.

Defendants next object that new plaintiff Roslin Chavajay should not be allowed to assert claims. Chavajay previously opted in to the FLSA action, but was dismissed for failure to participate in discovery. As plaintiffs' counsel

concedes, the prior dismissal precludes Chavajay's FLSA claim; however, the dismissal specifically stated that Chavajay "should not be precluded from participating in a potential class action under state law." Report & Recommendation ("R&R") dated Oct. 22, 2012 & adopted Dec. 20, 2012. Defendants argue that the Court's denial of class certification renders that caveat moot, but their argument misunderstands the R&R. Magistrate Judge Go reasoned that because there is no opt-in requirement for the Labor Law class action, Chavajay's decision to opt in did not affect her rights as a class member. *See id.* at 7 ("It would be unfair to treat the opt-in plaintiffs differently than other employees who may have chosen not to opt-in to the FLSA action[.]"). The Court adopted that reasoning, and adheres to it.

Finally, defendants argue that Magistrate Judge Go did not give them adequate time to complete discovery for the new plaintiffs. As noted, the new plaintiffs were identified on July 24, 2014, and added to the complaint on August 5th. Magistrate Go originally ordered that discovery be completed by September 30, 2014, but recently extended that deadline to October 30th. Three months is ample time to complete the necessary discovery.

For the foregoing reasons, defendant's objections are overruled and

Magistrate Judge Go's rulings are affirmed.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 25, 2014